UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK CERQUEIRA,

        Petitioner,

vs.                                       Case No. 8:04-CV-1832-T-27TGW
                                             Crim. Case No. 8:01-CR-293-T-27TGW

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Dkt. 1) and Petitioner's Memorandum in Support (Dkt. 14). Upon careful consideration, Petitioner's Motion is DENIED.

Petitioner, together with Marcella Teixeira, was indicted and charged in Count One with conspiracy to possess with intent to distribute MDMA. In Count Two, Petitioner was charged individually with possession with intent to distribute MDMA. (Cr. Dkt. 1). Ultimately, Petitioner plead guilty to Counts One and Two. (Cr. Dkt. 70). Prior to sentencing, the Government filed a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1. (Cr. Dkt. 86). On September 16, 2002, the Government's § 5K1.1 motion was granted and Petitioner was sentenced to 103 months as to each Count, concurrent. (Cr. Dkt. 87, 88). Petitioner's conviction and sentence were affirmed on appeal. (Cr. Dkt. 119).

In his § 2255 Motion to Vacate, Petitioner raises twelve grounds. In Ground One, he contends that he did not enter a knowing and voluntary guilty plea, caused by ineffective assistance of counsel "coupled with the Government's scandalous last minute renege and Judge Whittemore's approval to withdraw the plea," which Petitioner contends increased his sentence by 61 months. (Dkt. 1 at p. 4). Petitioner's contentions and arguments are misguided and without merit.

To the extent Petitioner contends that his attorney's trial preparation and investigation was inadequate and that this led him to plead guilty rather than "going to trial with such an incompetent attorney", by pleading guilty and confirming his satisfaction with counsel, (Cr. Dkt. 67 at p. 10), Petitioner waived any and all non-jurisdictional defects, including counsel's pre-plea trial preparation inadequacies, if any. *See Tollett v. Henderson*, 411 U.S. 258 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness of counsel claim waived); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991). Petitioner admits that during his change of plea hearing before the district court on March 11, 2002, he confirmed his satisfaction with Attorney Kuske's representation. (Dkt. 1 at p. 8). Moreover, after Petitioner entered his guilty plea on March 11, 2002 before the district court, he retained Attorney Murray to replace Attorney Kuske. (Cr. Dkt. 79). Petitioner did not seek to withdraw his guilty plea and proceeded to sentencing with new counsel. Any complaints Petitioner has with respect to Attorney Kuske's pre-plea investigation and trial preparation were not only waived by entry of his guilty plea but could have been raised through new counsel but were not.

Originally, Petitioner entered into a written plea agreement with the Government. (Cr. Dkt. 40). His guilty plea was accepted and a sentencing hearing was scheduled. (Cr. Dkt. 46, 52). Notwithstanding Petitioner's guilty plea pursuant to the written plea agreement and acceptance by

the district court, Petitioner, through counsel, together with the Government, filed a joint motion to withdraw Petitioner's plea of guilty, premised on a mistaken calculation of the applicable guidelines. (Cr. Dkt. 57). Although Petitioner claims that he "never saw this plea withdrawal motion, never spoke on this motion, never signed off on this motion nor ever agreed to have it filed," the motion was granted only after the Court conducted a hearing in Petitioner's presence on February 20, 2002. (Cr. Dkt. 62).

Petitioner now contends that his new attorney, Murray, was "ineffective as well because [he] never challenged the breached plea agreement by the Government, the relevant conduct of the sixty-six thousand pills; and the alleged drug transaction that never took place on July 20, 2001." (Dkt. 1 at p. 9). To the extent Petitioner complains that he received ineffective assistance when Kuske agreed to set aside the plea agreement and by Murray's failure to challenge "the breached plea agreement by the Government," Petitioner's arguments are without merit. First of all, Murray filed a motion to compel compliance with the plea agreement (Cr. Dkt. 83), which was withdrawn at the time of sentencing, after the government had moved for downward departure pursuant to § 5K1.1. (Cr. Dkt. 87). Moreover, by pleading guilty on March 11, 2002, after the Court had granted the joint motion to withdraw his guilty plea, Petitioner waived all non-jurisdictional defects, including governmental breach of the plea agreement, and Kuske's agreement to file the joint motion to withdraw the plea.

Additionally, to the extent Petitioner challenges "relevant conduct" and the quantity of MDMA for which he was held accountable, those issues could have been, but were not, raised on direct appeal and therefore have been waived. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004), *cert. denied*, 125 S.Ct. 167 (2004) ("[A] defendant generally must advance an available

challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002).

In Ground Two, Petitioner contends that his conviction and sentence were "incorrectly obtained by the use of illegal evidence that was falsely reported, prior to and after his arrest." He contends that he was entrapped "as a matter of law" and that his "three attorneys representing the Petitioner failed to investigate and bring forth these critical issues which clearly showed ineffective assistance of counsel . . ." Ground Two is without merit, as Petitioner waived any and all non-jurisdictional defects by pleading guilty. *See Tollett*, 411 U.S. at 258; *Stano*, 921 F.2d at 1150. This waiver includes potential defenses and challenges to illegal searches and seizures. *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979), *cert. denied*, 441 U.S. 950 (1979) ("[Defendant's] claims regarding . . . illegal searches and seizures are not jurisdictional in nature and thus do not require our consideration.").

In Ground Three, Petitioner contends that his "indictment was unconstitutional on its face because the drug amounts were never listed in either Count One or Count Two in violation of due process under the Fifth Amendment and also [*Apprendi*].[1]" He contends his attorneys were ineffective for not challenging this issue. He also claims error under *Blakely v. Washington*, 542 U.S. 296 (2004).

Petitioner's claims are without merit. By pleading guilty, Petitioner waived any *Apprendi* issues. *United States v. Cabezas*, 136 Fed. Appx. 223, 227 (11th Cir. 2005), *cert. denied*, 2005 WL 2494132 (U.S. Oct. 11, 2005) (declining to address Defendant's *Apprendi* claim because *Apprendi*

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

claims are not jurisdictional and guilty pleas waive all non-jurisdictional claims); *United States v. Walker*, 228 F.3d 1276, 1278 n. 1 (11th Cir. 2000), *cert. denied*, 532 U.S. 944 (2001) ("As [Defendant] pled guilty in this case and accepted the contents of the PSI, he lost any right to appeal on the basis of [an *Apprendi*] argument.").

Moreover, *Blakely* does not apply retroactively. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005), *cert. denied*, 2005 WL 2085299 (U.S. Oct. 03, 2005). Petitioner's attorney cannot be deemed ineffective for failing to raise the *Blakely* issue, as *Blakely* was decided one and one-half years after Petitioner was sentenced. At the time of Petitioner's sentencing, prevailing Eleventh Circuit law held the United States Sentencing guidelines to be constitutional. *United States v. Johns*, 984 F.2d 1162, 1164 (11th Cir. 1993); *United States v. Willis*, 956 F.2d 248, 250 (11th Cir. 1992). Counsel cannot be faulted for failing to raise an issue expressly rejected by the Eleventh Circuit. *See Funchess v. Wainwright*, 772 F.2d 683, 695 (11th Cir. 1985), *cert. denied*, 475 U.S. 1031 (1986) ("counsel is not to be faulted for failing to raise issues reasonably considered to be without merit").[2]

In Ground Four, Petitioner contends that the Presentence Investigation Report contained "erroneous relevant conduct enhancements" and his attorneys were ineffective in failing to challenge relevant conduct during sentencing. However, during the sentencing hearing, Attorney Murray objected to the quantity of pills used for relevant conduct in the Presentence Investigation Report.[3] (Cr. Dkt. 101 at p. 11-13). The Court sustained the objection and adjusted the base offense level

---

[2] "The failure of counsel . . . to advance certain points on appeal which subsequently gained judicial recognition does not render counsel ineffective." *Sullivan v. Wainwright*, 695 F.2d 1306, 1309 (11th Cir. 1983), *cert. denied*, 464 U.S. 922 (1983).

[3] Attorney's Murray's objection refutes Petitioner's contention that his attorney failed to challenge relevant conduct during sentencing.

downward two levels from 36 to 34. (Cr. Dkt. 101 at p. 13). Accordingly, Petitioner's claims lack merit. Counsel's representation did not fall below the objective standard of reasonableness required by *Strickland v. Washington*.[4]

In Ground Five, Petitioner contends that he was entrapped when he attended the meeting on July 20, 2001 which was alleged to have been the last act of the conspiracy and which led to his arrest, indictment and conviction. Once again, by pleading guilty, Petitioner waived all non-jurisdictional defects, including his challenge to the circumstances leading to his arrest, indictment and conviction. *See Tollett*, 411 U.S. at 258; *Wilson*, 962 F.2d at 996; *Stano*, 921 F.2d at 1150.

In Ground Six, Petitioner contends that his "Miranda rights were violated during his arrest and during the post-arrest questioning." This contention, likewise, was waived when Petitioner entered his guilty plea. *See Tollett*, 411 U.S. at 258; *Franklin*, 589 F.2d at 194-95 ("[Defendant's] claims regarding Miranda warnings . . . are not jurisdictional in nature and thus do not require our consideration.").

In Ground Seven, Petitioner contends he was "convicted illegally due to the alleged conspiracy with a confidential informant or agent of the police." In essence, this is a challenge to the sufficiency of the evidence supporting Count One, to which Petitioner plead guilty. By virtue of his guilty plea, Petitioner waived the right to challenge the sufficiency of the indictment, including the evidence supporting the conspiracy alleged in Count One. *See Wilson*, 962 F.2d at 997 ("Pleading guilty necessarily admits the commission of a crime.").

In Ground Eight, Petitioner contends the indictment is defective "because it contains incorrect information and facts." This contention has been waived by virtue of the guilty plea. *See*

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

*Tollett*, 411 U.S. at 258; *Wilson,* 962 F.2d at 997.

In Ground Nine, Petitioner contends that his "criminal history category was incorrectly enhanced to category III when it should in-fact have been category II." Challenges to the calculation of the sentencing guidelines are issues which should have been raised before the district court and on direct appeal, failing which, those issues are waived. *See Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995) (stating that Defendant may not raise guidelines sentencing issues in a § 2255 motion because Defendant had a right to challenge his sentence through direct appeal) (citing *Cross v. United States*, 893 F.2d 1287 (11th Cir. 1990), *cert. denied*, 498 U.S. 849 (1990).[5] Although Petitioner's counsel raised this issue before the district court, that issue was not presented to the Eleventh Circuit on direct appeal.[6] Moreover, to the extent Petitioner raises a *Blakely* error, as *Blakely* has no retroactive application. *Varela*, 400 F.3d at 868.

In Ground Ten, Petitioner challenges a claimed disparity between his sentence and that of his co-defendant, Teixeira. Sentencing disparities between defendants do not rise to the level of constitutional violations[7] and in any event, are matters which should have been, but were not, raised on direct appeal. *See Montemoino*, 68 F.3d at 417; *Cross*, 893 F.2d at 1289.

In Ground Eleven, Petitioner contends that he was entitled to a mitigating role adjustment

---

[5] In *Cross*, the Court held that Petitioner may not raise claims in a § 2255 motion that were not raised on direct appeal unless Petitioner can show cause and actual prejudice. *Cross*, 893 F.2d at 1289.

[6] Petitioner's counsel was not ineffective as counsel's representation did not fall below the objective standard of reasonableness required by *Strickland v. Washington*, 466 U.S. at 668.

[7] *United States v. Regueiro*, 240 F.3d 1321, 1326 (11th Cir. 2001) (holding that sentence disparities between codefendants are generally not a basis for relief on appeal). Additionally, the Eleventh Circuit has held that a Sentencing Court may not adjust a defendant's sentence downward to cure an "apparently unjustified disparity between defendants in an individual case." *United States v. Chotas*, 968 F.2d 1193, 1998 (11th Cir. 1992).

because "he was the last person on the bottom of the chain" and his codefendant Teixeira's actions constituted a managing role. However, Petitioner's sentence may not be adjusted downward to cure an "apparently unjustified disparity between defendants in an individual case." *See United States v. Chotas*, 968 F.2d 1193, 1998 (11th Cir. 1992). Accordingly, Petitioner's claims lack merit as his sentencing guidelines have no relation to his codefendant's sentence. In any event, Petitioner should have raised these claims on direct appeal, but did not. *See Montemoino*, 68 F.3d at 417; *Cross*, 893 F.2d at 1289.

In Ground Twelve, Petitioner contends that he was "incorrectly denied critical investigative evidence and specific discovery items during the vital pretrial phase of his case which violated *Brady*[8] and *Jencks Acts*[9] respectively. (Dkt. 1, p. 36). Petitioner's *Jencks Act* claim is without merit. Any *Jencks Act* issues would only have arisen during the course of a trial, after a witness testified. *See* 18 U.S.C. § 3500(a) (The Jencks Act provides that "no statement . . . made by a Government witness . . . shall be the subject of [discovery] until said witness *has testified on direct examination in the trial of the case*.") (emphasis added); *United States v. Jordan*, 316 F.3d 1215, 1227 n. 17 (11th Cir. 2003).

To the extent Petitioner contends that the Government did not comply with its *Brady v. Maryland*[10] obligations, that contention is likewise without merit. Not only does Petitioner fail to identify any exculpatory and/or impeachment material which the Government withheld, his argument focuses on what he contends was a failure to investigate and challenge evidence by his former

---

[8] *Brady v. Maryland*, 373 U.S. 83 (1963).

[9] 18 U.S.C. § 3500.

[10] *Brady*, 373 U.S. at 83.

attorney, Kuske.[11] He complains that "Attorney Kuske failed to file for evidentiary and suppression hearings . . ." and that he "never had any access" to various discovery matters. In essence, Petitioner is complaining about the effectiveness of his former attorney, Kuske, as it relates to his pre-plea investigation and trial preparation. Again, by pleading guilty and expressing satisfaction with counsel, Petitioner waived his right to complain about counsel's representation. *See Tollett*, 411 U.S. at 258; *Wilson*, 962 F.2d at 996.

As Petitioner acknowledges, his "claims are principally derivative from matters of counsels' ineffectiveness." (Dkt. 14 at p. 1). He correctly points out that a defendant is not required to raise ineffective assistance of counsel claims on direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1234, n.17 (11th Cir. 2004). Notwithstanding this correct legal premise, when a criminal defendant pleads guilty, he waives all non-jurisdictional defects, *Tollett*, 411 U.S. at 258; *Wilson*, 962 F.2d at 996; *Stano*, 921 F.2d at 1150, including challenges to *Miranda* violations. *Franklin*, 589 F.2d at 194-95 ("[Defendant's] claims regarding Miranda warnings . . . are not jurisdictional in nature and thus do not require our consideration.")..

To the extent Petitioner complains that his former counsel, Kuske, was ineffective during the pre-plea stage, the record establishes that after the joint motion to withdraw Defendant's plea of guilty was granted, Defendant plead guilty without a plea agreement and thereafter, retained substitute counsel, Murray, who represented him during sentencing. Petitioner's contention that he "would have insisted on going to trial," but for Kuske's inadequacies is belied by the record and

---

[11] Petitioner must identify exculpatory and/or impeachment material that the government withheld in order to succeed under a *Brady* argument. *See Wright V. Hopper*, 169 F.3d 695, 701 (11th Cir. 1999) (To establish a violation of *Brady*, Petitioner must demonstrate, among other things, that "the Government possessed evidence favorable to [Petitioner] (including impeachment evidence)" and that the prosecution suppressed this evidence.).

change of plea colloquy before the district court, in which Petitioner acknowledges his satisfaction with counsel. (Cr. Dkt. 67 at p. 10). After a guilty plea is entered and satisfaction with counsel is acknowledged, only a challenge to the voluntary and knowing nature of the plea can be raised. *McCoy v. Wainwright*, 804 F.2d 1196, 1198 (11th Cir. 1986).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether Petitioner's counsel rendered ineffective assistance: (1) whether counsel's representation "fell below an objective standard of reasonableness"; and (2) whether Petitioner was prejudiced, i.e., whether there was a reasonable probability that without counsel's errors, Petitioner would not have plead guilty and would have insisted on going to trial. *Id.* at 687-88; *Hill v. Lockhart*, 474 U.S. 52 (1985).

Petitioner contends that he would have insisted on going to trial but for Kuske's inadequacies. Petitioner obtained new counsel prior to his sentencing, hwever, and failed to withdraw his plea or raise any motion regarding his claims during the sentencing hearing. *See United States v. Comedy*, 107 Fed. Appx. 562 (6th Cir. 2004) (*unpublished*) ("Even with the assistance of a new attorney, [Defendant] did not move to withdraw his guilty plea or express such an intention before or during the sentencing hearing."). Petitioner could not have been prejudiced by any ineffectiveness by Kuske because he did not attempt to change or withdraw his guilty plea after obtaining new counsel. Accordingly, Petitioner fails to meet the second prong of the *Strickland* test. *See Strickland*, 466 U.S. at 694.

At the time of sentencing, the Government's Motion for Downward Departure pursuant to § 5K1.1 was granted and Defendant received a three level downward departure. (Cr. Dkt. 101 at p. 36). Although acknowledging that the extent of the Court's departure pursuant to § 5K1.1 is not

subject to review, Petitioner now complains that Attorney Murray was ineffective in not presenting evidence of his cooperation in a Polk County murder investigation. Specifically, Petitioner complains that "Murray never apprised Ms. Callahan of Cerqueira's sentencing," referring to Polk County detective Vickie Callahan, with whom Petitioner claims to have cooperated on an unrelated murder investigation. Petitioner contends that although Attorney Murray represented to the Court that Detective Callahan was to be present, Attorney Murray had never contacted Detective Murray. (Dkt. 14, p. 12, n. 20). Petitioner contends that Callahan's presence would have "influenced a further departure" citing *United States v. Leonti*, 326 F.3d 1111, 1119 (9th Cir. 2002); *Jefferson v. Fountain*, 382 F.3d 1286, 1293, n.3 (11th Cir. 2004), *cert. denied*, 125 S.Ct. 2541 (U.S. Jun. 06, 2005); and *See Glock v. Singletary*, 84 F.3d 385, 386 (11th Cir. 1996), *cert. denied*, 519 U.S. 1044 (1996) (counsel ineffective in failing to discover through routine investigation mitigating evidence and to present that evidence at separate sentencing proceeding.) Petitioner's claims lack merit.

While Petitioner correctly states that Ms. Callahan was not present at the sentencing hearing, Attorney Murray provided the Court with Ms. Callahan's expected testimony, Murray summarized the substance of Petitioner's cooperation in the murder investigation. (Cr. Dkt. 101 at p. 24-25). Murray explained that "what [Petitioner] did was he related to [Ms. Callahan] what was told to him, basically an admission against interest or a confession, depending on how you wish to characterize it." (Cr. Dkt. 101 at p. 24). Murray also stated that Ms. Callahan was going to testify on Petitioner's behalf and "testify to the fact that they absolutely needed [Petitioner's] testimony at trial." (Cr. Dkt. 101 at p. 25). Attorney Murray went on to explain that he was relaying Ms. Callahan's expected testimony as an officer of the court. (Cr. Dkt. 101 at p. 25). As a result of Murray's representations, Petitioner could not have been prejudiced because Ms. Callahan's

expected testimony was proffered to the Court and not challenged by the government. A live witness was not necessary, therefore, to present what Callahan would have testified to. In any event, this Court will not second-guess Murray's tactical decisions. *See Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000), *cert. denied*, 531 U.S. 1204 (2001) (court must not second-guess counsel's strategic decision in calling certain witnesses but not others).

To the extent Petitioner complains that counsel was ineffective in failing to move for a departure under § 5K2.0, this Court will not second-guess counsel's decision not to seek a downward departure, particularly given the government's § 5Ki.i motion. *See Chandler*, 218 F.3d at 1314 . Lastly, to the extent Petitioner attempts to raise a challenge to the application of the United States Sentencing Guidelines pursuant to *United States v. Booker,* 125. S.Ct. 738 (2005), the holding in *Booker* has no retroactive application. *Varela*, 400 F.3d at 868.

Finally, in conclusory fashion, Petitioner challenges the effectiveness of appellate counsel, contending that the sole issue raised on appeal had been "predetermined." Petitioner is entitled to effective assistance of counsel on his first appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). Petitioner alleges that "a reasonably competent attorney would not have presented an *ex post facto* claim" on appeal. However, Petitioner does not identify any claims that his appellate counsel failed to raise on appeal. Accordingly, Petitioner's contention that he received ineffective appellate counsel is merely conclusory and therefore without merit. Mere assertions or conclusory allegations of ineffective assistance of counsel without factual support are insufficient to sustain an ineffective assistance claim. *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992). Additionally, the Court notes that in affirming Petitioner's conviction, the Eleventh Circuit's opinion was five pages long, somewhat belying Petitioner's contention that his *ex post facto* claim "predetermined". (Cr.

Dkt. 119). Therefore, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Dkt. cv-1) is **DENIED**. The Clerk is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in chambers this 31st day of October, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record